ROBERT L. BUCHANAN *v.* STATE OF MISSISSIPPI.

CRIMINAL LAW. *Murder. Juries. Special venire. Code* 1892, § 2389.
   If an impartial jury be obtained in a murder case, the defendant cannot, after conviction, predicate error of an irregularity in the drawing of a special venire, since the statutes on the subject (Code 1892, § 2389) are directory.

FROM the circuit court of, first district, Chickasaw county.

HON. EUGENE O. SYKES, Judge.

Buchanan, the appellant, was indicted for the murder of one Dehay, tried and convicted of manslaughter, sentenced to the penitentiary for fifteen years, and appealed to the supreme court.

*T. J. Buchanan,* and *Mayes & Longstreet,* for appellant.

*A. T. Stovall,* and *J. N. Flowers,* assistant attorney-general, for appellee.

Argued orally by *Edward Mayes,* and *T. J. Buchanan,* for appellant, and by *A. T. Stovall,* for appellee.

TRULY, J., delivered the opinion of the court.

Very many assignments of error are presented to the court. Some of them do not appear in the record. Others are in reference to the action of the court in drawing the special venire. As it is firmly fixed that the laws in this regard are simply directory, and as it is not contended that he was not tried by a fair and impartial jury, we cannot see that any harm was done the appellant.

The assignment most strongly relied on is that the proof is not sufficient to sustain a conviction of manslaughter. It is earnestly contended that the verdict of the jury should be set aside and the case reversed on the facts. The testimony adduced on the part of the state, if believed by the jury, considered in connection with the environment and attendant circumstances of the homicide, the location of the wounds upon the body of the deceased, and the range of the fatal bullet, are amply sufficient to sustain this conviction. The jury had the witnesses before them, saw them upon the stand, observed their demeanor and noted their manner of testifying, and, under the law, were given the right to pass upon and decide which story they would believe. They adopted as true the theory of the prosecution as testified to by the witnesses and corroborated by the physical facts, and we are not prepared to say that their conclusion was erroneous.

There is manifestly no error of law. The instruction for the state defining manslaughter is in the exact language of the code, and every phase of appellant's defense was fully and fairly presented by the numerous and liberal instructions granted in his behalf.

*We must decline to invade the province of the jury. The judgment is affirmed.*