FERGUSON *v.* STATE.

[65 South. 584.]

1. JURY. *Selection. Drawing jurors for trial. Code* 1906, *section* 2629. *Irregularities. Harmless error.*

Code 1906, section 2692, providing that in counties containing two circuit court districts, a juror shall not be required to serve out of his district, except the court in its discretion should otherwise direct, and except when drawn on a special venire, and in either of such excepted cases the jury shall be drawn from the two jury boxes, if the court so direct, one name from each alternately, clearly authorized the summoning of a special venire from both districts of a county containing more than one district, and where the jury boxes from one of the districts had been exhausted, the trial court committed no error in not directing that one name be drawn from each district alternately; it being impossible in such case to be done.

2. SUMMONING AND IMPANELING JURIES. *Irregularities. Harmless errors.*

Where there is no evidence that accused was not tried by a fair and impartial jury, error cannot be predicated upon irregularity

in the drawing or impaneling thereof since Code 1906, section
2692, in relation to impaneling juries is declared by section 2718,.
Code 1906, to be merely directory.

APPEAL from the circuit court of Yalobasha county.
HON. N. A. TAYLOR, Judge.
Walter Ferguson was convicted of manslaughter and.
appeals.

The facts are fully stated in the opinion of the court..

*I. T. Blout,* for appellant.

The first and most important question, to the defend--
ant, to be discussed in this case, is whether or not, he
has had a constitutional trial by a legally constituted
jury. If he has not, this court will not hesitate to grant
him that right. The prerequisite to an impartial jury
trial, is the empaneling of a jury according to the stat-
ute, and until this is done, according to the law then in.
force, there is no jury, and everything done in the trial,.
or supposed trial, is a nullity.

Code, 1906, chapter 72, section 2715, explicitly says:
how juries in capital cases shall be selected, and when
a court departs from that law, he infringes on the rights
of defendant and is on dangerous ground. Dangerous.
both to the state and the defendant.

Let us see for a moment what was done in this case..
First, on arraignment, the district attorney, "moved the
court, (see record page 7), for a special venire to con-
sist of one hundred men to be summoned from the entire
county" which motion being considered was sustained
and the venire ordered· drawn, in the following words :
"And comes the district attorney in this case and moves
the court, for a special venire to be drawn from the
county at large, from both circuit court districts, of the
county—fifty names to be drawn from the jury box of the
second district and likewise fifty names to be drawn from
the first court district of the county, such to be done
owing to the fact that the legal jury box of the first dis-

trict, from which to draw, has been exhausted, and cannot serve as jurors in this case. Defendant by attorney objected and protested against these proceedings, for the reason as given, that there is no law to authorize such. (Objection overruled).

The evidence introduced, on which this order was based, was the testimony of D. E. Parks, circuit clerk, and it shows that there were two jury boxes in the county, one for the first and one for the second court district. He said the "names in the first court district had been exhausted." How exhausted? After this testimony was given, and without further ado, the court ordered arbitrarily, the issuance of the venire, defendant objecting to the proceeding for the venire issued and the return thereon, and to the drawing of the venire from the second district.

Conceding the discretionary power of the court, in organizing juries, that power (though directory only), does not go to the extent of abrogating the law, and allow judges to frame up juries regardless of the law. Nor do I understand that a court can make such aribtrary orders as was made in this case.

*Frank Johnston,* for appellee.

Yalobusha county is divided into two judicial districts. In this case a special venire of one hundred jurors was awarded by the court to be drawn from the county. Fifty of these were drawn from the jury box of district number one, and it appearing to the court by the testimony of the clerk and an examination of the jury box, that the jury box for the first district had been exhausted with the exception of only three names. The court then directed that the fifty men from district number one should be summoned to complete the special venire of one hundred, designated by the court,. It appears moreover, by the evidence before the court, that in a previous term of the court, all names had been drawn out of the

107 Miss. 36

box for district number one and that all had performed jury service at a previous term of court. This being the precise condition of the jury box, an order was made by the court that fifty jurors should be summoned from district number one. This method of procedure, in procuring a special venire, is objected to by counsel as constituting a reversible error.

It was expressly held by this court in the case of *Steele* v. *State,* 76 Miss. 378, that it was not reversible error in a capital case to refuse, before and after exhausting the regular venire, to receive, as a juror, a member of the special venire who was absent on the call, but who, when he was present, was offered by the defense and thereupon order tallisman to be summoned, where the record show that the refusal was not thereby prejudicial to the defendant. It is the usual practice where there are not enough names in the jury box, or in case where the special venire has been exhausted, without getting a jury for the court, to order the sheriff to go out and summon jurors to complete the venire.

Section 2716 of the Code of 1906, makes the mode and procedure provided by section 2715 simply declaratory. This was expressly held in *Campbell* v. *State,* 17 So. 441. In this case the court refuses to question the venire in a criminal case on the ground that the special venire was not drawn from the legal box prepared by the board of supervisors.

Section 2718 of the Code of 1906, also expressly provides that all the provisions of law in relation to the drawing and impaneling of jurors are directory merely. So this court held in *Head* v. *State,* 44 Miss. 731, that the supreme court would not interfere with the discretion of the trial court in impaneling juries unless injury resulted in the exercise of it.

In *Campbell* v. *State,* 17 So. 441, the court, in considering section 2715, said that the whole purpose of the statute was to secure an impartial jury, and when that was done the court would not reverse on technical errors

of procedure. The same rule, precisely, was held in *Buchanan* v. *State*, 84 Miss. 332. In this connection I beg leave to refer the court to *Tolbert* v. *State*, 71 Miss. 179.

It is clearly the correct constitutional procedure to draw the special venire, in a capital case, from the whole county and not a particular part of the county. I refer the court to section 90, par. N, of the state Constitution. It was construed in *Byrd* v. *State*, 82 Miss. 280, a case coming up from Perry county, in which the court held that it was unconstitutional for the legislature to attempt to limit the drawing of a special venire from one district of a county which was divided into two districts, that the general law governed, and that it was the proper constitutional method to proceed under the general law which made the special venire to be drawn from the whole county.

Upon these decisions of this honorable court I respectfully submit that there is no error in the mode of procedure adopted by the trial court in ordering this special venire and in selecting the jury to try this defendant.

SMITH, C. J., delivered the opinion of the court.

Appellant was indicted for murder and convicted of manslaughter.

The county of Yalobusha is divided into two circuit court districts. When the case came on for trial, the district attorney requested the court to order a special venire from the county at large, fifty names to be drawn from the jury box of the second district and fifty competent jurors to be summoned from the first district. This was objected to by the defendant "for the reason that there is no law authorizing any such proceeding." The jury box for the first district had been practically exhausted; there remaining therein the names of only three persons. The court sustained this motion, and fifty names were drawn from the jury box of the second dis-

trict and the sheriff directed to summon fifty competent. jurors from the body of the first district. Section 2692 of the Code of 1906 provides:

"In such counties (referring to counties in which there are two circuit court districts) a juror shall not be required to serve out of his district, except the court in. its discretion should otherwise direct, and except when. drawn on a special venire; and in either of such excepted cases the jury shall be drawn from the two jury boxes, if the court so direct, one name from each alternately."

This section clearly authorized the summoning of a special venire from both districts of a county containing more than one district, and, on account of the fact that the jury boxes from one of the districts had been exhausted, the court below committed no error in not directing that one name be drawn from each district alternately; it being impossible for this to be done. Moreover, since there is no evidence that appellant was not tried by a fair and impartial jury, error cannot be predicated of an irregularity in the drawing or impaneling thereof, since the statutes on the subject are declared, by section 2718 of the Code of 1906, to be directory merely. *Buchanan* v. *State,* 84 Miss. 332, 36 So. 388.

The court committed no error with reference to the other matters complained of.

*Affirmed.*