## McVey v. State.

[78 South. 150, In Banc.]

1. JURY. *Special venire.*

Since under section 2718, Code 1906, so providing, all the provisions
of law in relation to impaneling juries, are directory merely
where the jury box had five compartments, two of which con-
tained less than ten names each, and a special venire was de-
manded. In such case it was not error for the court to direct
the clerk to issue an open venire *facias* for fifty jurors as pro-
vided for by Code 1906, section 2715, when the jury box is ex-
hausted, although the names in the boxes had not in fact been
exhausted.

2. CRIMINAL LAW. *Presence of accused.*

Where the defendant was present when the method by which the
jurors were selected in a special venire was determined which
method was thereafter pursued, the requirement that the ac-
cused be present was sufficiently complied with, although in his
absence the court ruled upon objections made by his counsel iden-
tical with the one made and ruled on in his presence.

APPEAL from the circuit court of Hancock county.
HON. JAS. H. NEVILLE, Judge.

Walter McVey was convicted of murder and appeals.
The facts are fully stated in the opinion of the court.

*Mize & Mize* and *Gex & Waller* for appellant

As to appellant's contention about the drawing of the
special venire, the attorney-general attempts to justify

the procedure by section 2718 of the Code of 1906, on the theory that the jury law is directory. This section only applies to irregularities in drawing the jury, and not where the statute is totally disregarded and the plain mandate of the law not observed, as held in the *Shepherd case,* 89 Miss. 147, and the Cook case, cited in our original brief.

The appellant was supposed to be present while these proceedings were had, as it was shown by the minutes he was there when they started, and as a matter of fact he was there when the order was made; but after the proceeding with which the minutes close, as above quoted, to wit: The order of the court that said special venire be made returnable at ten o'clock October the 4th, the minutes do not inform the court what became of the prisoner.

The attorney-general further says in his brief, at page 6 that it appears that the defendant was present when the motion was made to quash the special venire *facias* because the motion to quash which appears at page 23, of the record begins: "Now comes the defendant Walter McVay and moves the court in the above styled cause to quash the special venire *facias,* etc.," and does not state that the motion is made by attorneys. The motion shows on its face, we submit, that it was made by appellant's attorneys and not by appellant personally; it is signed by his counsel, not by himself. As a matter of fact McVay was not present when the motion was made and the court cannot infer because the words "by attorneys" happened to be omitted from the motion that appellant was present when the motion was made and taken up by the court.

The attorney-general says that there was no objection made to appellant's absence during these proceedings. This is answerable on two grounds: First, under section 26 of the Constitution of Mississippi, appellant had a right to be heard by himself or his counsel or by both; and, having a right to be heard, this necessi-

tated his presence, and cannot be waived and did not have to be excepted to; and, Further, under the *Sherrod case* 93 Miss.—, cited in our original brief, Chief Justice Whitfield put it on the high ground that it was a common-law right so sacred that it could not be waived.

When a constitutional right is violated, the courts will not stop to inquire whether or not prejudice resulted. The brief of the attorney-general lays much stress on the fact that we have not shown that appellant was tried by an unfair jury or that he was prejudiced by the actions of the court complained of. We have to say that appellant was, first and foremost, entitled to a fair and impartial trial, and a fair and impartial trial is such a trial as is guaranteed to him by the law of the land, and the law of the land is that he is entitled to a fair and impartial jury and a fair and impartial jury is a jury selected, when otherwise legally qualified, according to the law of the land; and certainly he could not have a fair and impartial jury, selected according to the law of the land, when the plain mandate of the statute constituting the law of the land is deliberately ignored and violated.

When a jury from its inception is illegal, then the rule that you must show prejudice does not apply; and we submit that this jury was illegal from its inception. The rule that prejudice must be shown applies when there are mere irregularities in carrying out or enforcing the statute under which the court is operating, but here the court deliberately ignored the statute and refused to carry out the plain mandate of the statute, and the rule does not apply.

*Frank Robinson,* assistant attorney-general, for the state.

The district attorney made a motion for a special venire and the court proceeded to draw the same in

accordance with section 2715 of the Code of 1906, section 2208, of Hemingway's Code. The jury box was brought into the court room and the court was advised by the sheriff that one of the compartments in the jury box only contained seven names and another compartment two names. The other compartments contained altogether more than one hundred names. The circuit judge seemed to be of the opinion that such a jury box was in legal effect no box, or the box has been exhausted, ordered a special venire *facias* to be issued by the clerk directing the sheriff to summon fifty jurors from the body of the county. This method of drawing the special venire was done over the protest of the defendant.

In the first place, it is undoubtedly the law in this state that some harmful result must affirmatively be shown to have resulted from an irregular drawing of a special venire. *Head* v. *State,* 44 Miss. 731; *Buchanan* v. *State,* 84 Miss. 332; *Cook* v. *State,* 90 Miss. 152; *Shepherd* v. *State,* 89 Miss. 154; *Brown* v. *State,* 38 So. 316; *Walford* v. *State,* 106 Miss. 19, 63 So. 316; *Ferguson* v. *State,* 107 Miss. 459, 65 So. 584. Under these authorities, it is a *sine qua non* that prejudice or harm, or an impartial jury must be affirmatively shown.

Absence from the court room of the defendant not error. Two errors are assigned as to proceedings had in the absence of the appellant. The first is, that the appellant was not present when counsel moved to have the jury drawn from the jury box.

Counsel for appellant cite the *Ebb. Watkins Case,* in 110 Miss. 438, and *Warfield* v. *State,* 96 Miss. 107, and a great many other cases to the same effect. The precise question presented in these alleged errors as to the absence of the accused was before this court in the case of *Coley White* v. *State,* reported in 72 So. 904. This case was affirmed by a divided court sitting *in banc* and no opinion was written. An examination of the original record and the briefs and the suggestion of

error shows that these very cases cited in the case at bar were vigorously argued in the Coley White Case. In that case, the defendant was absent during the argument of the district attorney. , It is my opinion that the court followed the minority courts in *Sherrod* v. *State,* 93 Miss. 774, and that our court made a grievous error in distinguishing between the right of the defendant in capital cases and felonies less than capital. The same point presented in the case at bar is also before this division of the court in the case of *George Thomas* v. *State,* from Holmes County. It seems to me that the sensible construction of section 1495 of the Code is that this statute was passed to abrogate the common-law rule requiring the presence of the accused. In view of the fact that the two motions, during the hearing of which the defendant was absent, where made and initiated by counsel for the defendant and that no request was made for his presence, the legal presumption necessarily follows that such presence was waived.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a conviction for murder, followed by a sentence to life imprisonment in the state penitentiary. When the case was called for trial a special venire was demanded, whereupon the court directed that fifty names be drawn from the jury box, but on ascertaining that two of the five compartments thereof contained less than ten names each, directed the clerk, over the objection of the defendant, to issue an open venire *facias* commanding the sheriff to summon fifty jurors. The defendant, who was then present in the custody of the sheriff, was thereupon returned to jail. An hour or two later, in the absence of the defendant, who was then in jail, his counsel again called the attention of the trial judge to the matter, and requested that the special venire be drawn from the jury

box, which was shown to contain in the compartment for district No. 1, nineteen names, for district No. 2, seven names, for district No. 3, two names, district No. 4, twenty-three names, and district No. 5, seventy-four names, which request was again denied. Afterwards, on the return of the venire and before the jury was impaneled, defendant's counsel, he himself being absent in jail, moved the court to quash the venire on the ground that it should have been drawn from the jury box as provided by statute, which motion the court overruled. The ruling of the court upon each of these motions was objected to, and two questions are presented to us thereby: First, was the defendant tried by a legal jury? Second, should the judgment of the court below be reversed because of the absence of the defendant from the courtroom while two of the rulings of the court upon the objections raised by his counsel to the venire were made? The first question must be answered in the affirmative, and the second in the negative.

Conceding for the sake of the argument that the jury box was not exhausted within the meaning of the statute, and that the jury should have been drawn therefrom, nevertheless the court below committed no reversible error in declining so to do and directing that the jury be selected in the manner provided by section 2715, Code of 1906 (section 2208, Hemingway's Code), "in the event that there should be no such box, or the same should be mislaid, or the names therein have been exhausted," for the reason that "all the provisions of law in relation to the listing, drawing, summoning and impaneling juries are directory merely." Section 2718, Code of 1906 (section 2211, Hemingway's Code).

The second question presented to us for decision, stated in another form, is simply this: Was the defendant present when the method by which the jurors were selected was determined? That he was then present admits of no sort of doubt, for the method determined on in his presence was thereafter pursued;

the rulings made in his absence relative thereto, upon objections made by his counsel identical with the one made and ruled on in his presence, having made no change whatever therein.

We find no reversible error in the other matters complained of.

*Affirmed.*

Cook and Sykes, JJ., dissenting.

Stevens, J. (specially concurring).  Upon the alleged error of the court in refusing over the objection of the accused to use the jury box from which to draw the special venire, my views are fully stated in the opinion delivered by me in *Simmons* v. *State,* 109 Miss. 605, 68 So. 913.  If the trial court erred in the method of drawing the special venire, it yet remains that the accused accepted twelve competent, fair, and impartial jurors in this case, not one of whom is challenged for cause.  It was said in the Simmons Case that:

"Conceding that the list of jurors was made up altogether from residents of beat 1, we are constrained to hold that the verdict and judgment of conviction must be upheld, in the absence of a showing on the part of the appellant that he has been materially hurt, damaged, or prejudiced in any of his rights.  The twelve men impaneled were admittedly qualified jurors, fair and impartial in this particular case.  Not one of them is challenged for cause.  The only objection raised to the jury was by motion to quash the entire venire because of the alleged failure on the part of the board of supervisors to comply with section 2688 of the Code. Section 2718 of the Code provides that our jury laws are directory, and this section, in the absence of a showing that appellant has in fact been injured by the overruling of the motion to quash the venire, cures any alleged error of the board of supervisors or the court below in the 'listing, drawing, summoning, and impaneling of the jury in question' "—citing *Lewis* v.

*State,* 91 Miss. 505, 45 So. 360; *Cook* v. *State,* 90 Miss. 137, 43 So. 618.

The case of *Walford* v. *State,* 106 Miss. 19, 63 So. 316, quoted from in the Simmons Case, is also in point. In moving to quash the venire, counsel for the defendant in the court below was partly renewing the same objection, which he interposed at the time the court refused to draw the jury from the jury box and directed the sheriff to summon a special venire. This motion to quash was initiated by the defendant's own counsel in the absence of the accused, and might have been renewed by counsel when the prisoner was brought into the courtroom. The ruling of the court was not altered, modified, or reversed in the absence of the accused. More than this, the defendant at that time had not been put in jeopardy, and when the trial did begin, the accused, without further objection, permitted the state to select from the special venire twelve jurors and tender them to the defendant and the defendant proceeded to accept without objection twelve competent jurors, and these twelve fair and impartial men sat in judgment upon the facts and solemnly returned a verdict of guilty. Why, then, should the case be reversed? If these honest, fair, and impartial jurors, accepted by the defendant, without exhausting his peremptory challenges, have heard the case once, why remand the case in order that twelve other fair and impartial jurors may do the work over again? Not one of them, as said in the Simmons Case, "was challenged for cause or shown to have any opportunity to prejudge the cause of appellant." If there was error, it was not material or reversible error, as it affirmatively appears that the accused was tried by an impartial jury of his peers.