### RHODMAN *v.* STATE.*

(Division B.    Feb. 4, 1929.)

[120 So. 201.    No. 27829.]

---
*Corpus Juris-Cyc References: Juries, 35CJ, section 246, p. 280, n. 11.

*Chaney & Culkin,* for appellant.

16

*J. A. Lauderdale,* Assistant Attorney-General, for the state.

ANDERSON, J. Appellant was convicted in the county court of Warren county of the crime of retailing intoxi-

cating liquor, and sentenced to pay a fine of two hundred fifty dollars, and serve thirty days in the county jail. From that judgment he appealed to the circuit court of that county, where the judgment of the county court was affirmed. From that judgment of the circuit court, appellant prosecutes this appeal.

The only question in the case is whether the county court erred in overruling appellant's motion to quash the panel from which the jury that tried him was selected.

Appellant's motion to quash the panel, from which the jury was selected that tried him, was made, and overruled by the court before the selection and impaneling of the jury. The ground of the motion was that the panel, from which the jury was selected, had not been drawn as required by law. A jury had been drawn, summoned, and impaneled to serve during the week appellant was tried and convicted, and on the day before appellant was tried and convicted, in a similar case to that of appellant's, had returned a verdict of ''not guilty.'' Thereupon the court discharged that jury for the week, and the judge of the court himself, from the poll books, selected eighteen names, and directed the sheriff of the county to summon them to serve as jurors for the remainder of the week, which command of the court the sheriff obeyed, and, from the eighteen persons so summoned, the jury that tried appellant was selected.

In overruling appellant's motion to quash the panel, the court put into the record his reasons for so doing, as follows:

''Four out of the five compartments of the jury box having been completely exhausted and there not being a sufficient number of names of persons qualified to serve as jurors, left in the jury box from which to draw the number required, and much difficulty having been experienced in the calling of bystanders as jurors heretofore, the court, after having excused and discharged a

panel of twelve jurors, for reasons obvious and apparent, as well as justified in the mind of the court, on a former day of the term, and before the calling of this case for trial, proceeded to select, without bias or prejudice, in a fair and impartial manner, from the poll books of Warren county, the names of eighteen qualified male electors who are of good intelligence, sound judgment and fair character, and directed the sheriff to summon them to serve as jurors during the remainder of this week of this term of the court; the names of those reporting to the court for service as jurors out of the number selected by the court and summoned, are as follows:

"After these had been sworn and qualified, the following regular jury was selected and impaneled, for the remainder of the week, to-wit: . . .

"The court had no other purpose in any action taken, than to secure a fair and impartial jury from the body of male qualified electors of the county so as to insure the state and all defendants such a trial as is guaranteed under the law.

"For the same reasons before stated, the jury impaneled on the first day of the term, was drawn, selected and summoned in the same manner, as shown for those who were summoned after the discharging of the jury named in the motion of counsel for the defendant."

Under the County Court Act, sections 2 and 8, chapter 131 of the Laws of 1926 (Hemingway's Code of 1927, sections 726 and 735), the practice, procedure, and the manner of selecting, summoning, and impaneling juries for the county court in criminal cases and cases cognizable at common law, of which the county court is given jurisdiction by the act, are the same as provided by law for the circuit courts.

Section 2714, Code of 1906 (Hemingway's Code of 1927, section 2361), provides as follows: "If at any regular or special term of a circuit court it appear that

jurors have not been drawn or summoned for the term, or for any part thereof, or that the jurors have been irregularly drawn or summoned, or that none of the jurors so drawn or summoned are in attendance, or not a sufficient number to make the grand jury and two petit juries, the court shall immediately cause the proper number of jurors to be drawn from the box and summoned, or, if there be not a jury box to be drawn from, the court shall direct the requisite number of persons, qualified as jurors, to be summoned, to appear at such time as the court shall appoint, and the court shall thereupon proceed as if the jurors had been regularly drawn and summoned.''

Section 2718, Code of 1906 (Hemingway's Code of 1927, section 2365), provides: ''All the provisions of law in relation to the listing, drawing, summoning and impaneling juries are directory merely; and a jury listed, drawn, summoned or impaneled, though in an informal or irregular manner, shall be deemed a legal jury after it shall have been impaneled and sworn; and shall have the power to perform all the duties devolving on the jury.''

Appellant contends that the action of the county judge, in selecting the names himself from which the jury was drawn that tried appellant, vitiated the whole panel; that the county judge, where there is no jury box, instead of selecting such names himself to be summoned by the sheriff, should have directed the sheriff to go to the body of the county and himself select and summon the required number of competent persons. While the state's position is that, conceding the statute was violated in that respect, appellant had no right to complain, because such violation of the statute was cured by the statute last above copied, declaring that the jury laws shall be directory merely.

Without hesitation we hold that the action of the judge of the county court in hand-picking the list of names

from which the jury was to be selected for the balance of the week of the court was without any authority of law, although no doubt prompted by the best of motives; that on the contrary it was squarely in the face of our jury laws. Therefore, the question is whether or not that action of the court was cured by the statute declaring all jury laws to be merely directory. The action of the court complained of was a total departure from our statutes prescribing the manner of selecting, summoning, and impaneling the juries. The statute declaring jury laws to be merely directory only undertakes to cure irregularities and defects occurring in the listing, drawing, summoning, and impaneling of the juries. The statute was intended to cover cases where there had been an *attempt* to follow the jury laws, and a departure therefrom. It has no application to this case, where there was no attempt whatever to obey the jury laws. The action of the county court, therefore, was not an irregularity; it was a procedure wholly beyond and outside of the law—a proceeding directly in the face of our statutes. The curative statute has no application to such a case. *Shepherd* v. *State,* 89 Miss. 147, 89 Miss. 147, 42 So. 544, 10 Ann. Cas. 963; *Cook* v. *State,* 90 Miss. 137, 43 So. 618; *Lee* v. *State,* 138 Miss. 474, 103 So. 233; *Ellis* v. *State,* 142 Miss. 468, 107 So. 757.

*Reversed and remanded.*