# MORRISON *v.* STATE.

(Division B. Nov. 11, 1929.)

[124 So. 362. No. 28240.]

**H. F. Jones** and **C. M. Murphy**, both of Belzoni, for appellant.

**Forrest B. Jackson**, Assistant Attorney-General, for the state.

Argued orally by **H. F. Jones** and **C. M. Murphy**, for appellant, and by **Forrest B. Jackson**, Assistant Attorney-General, for the state.

**Griffith, J.,** delivered the opinion of the court.

There are three primary purposes or objects which characterize our statutes in relation to the selection of jurors. These are, first, that they shall be selected so far as practicable from the body of the entire county, or from the entire judicial district thereof, and shall be qualified electors of good intelligence, sound judgment, and fair character; second, that from among these there shall be chosen and listed annually, by an important administrative body in a large measure separate from the courts and locally responsible directly to the people, a sufficient number to serve the trial courts during the year; and, third, that from those so chosen and listed there shall be drawn by lot or chance, for each term of court and for each week thereof, a sufficient number for said term and the respective weeks thereof, in such a guarded manner that no particular name or names of jurors shall, by predetermined design or intention, be selected in preference to any other name or names for said service.

So long as those who are charged with the selection, listing, drawing, and impaneling of jurors proceed in the discharge of their duties in those matters in good faith and with fair effort to observe the primary requirements aforesaid, no mere irregularities or mistaken defects or informalities in the selection, listing, drawing, or impaneling of jurors shall avail on appeal; nor shall the said requirements hold in those cases of accidental emergency, when, without any previous purpose or design, or what is the legal equivalent thereof, to bring about the situation, the regular panels, or the names to be drawn from, are unexpectedly and temporarily exhausted.

But when those charged with the high trust aforesaid in the selection of jurors depart from the said primary

or fundamental requirements, with the predetermined or premeditated purpose and design so to depart, particularly in the matter of drawing the names by chance or by lot, or when their actions are the legal equivalents of such premeditation or predetermination, and objection is seasonably and appropriately made and reserved, then the matter is one for correction on appeal; else we would or could have as many different manners of the selection and impaneling of jurors as there are judicial districts in the state, and one of the most important and vital among all the statutory regulations in our state would be only advisory, and no more than an unauthoritative essay on good government to be followed or not as the various subordinate officers, judicial, administrative, and executive, might on each occasion determine for themselves—a result not within the contemplation of any so-called curative section of those statutes.

The facts in this case, in brief, are that the jurors for the first, second, third, and fourth week, respectively, of the term of court had been regularly selected, listed, and drawn, and their names had been duly recorded for each particular week, and summons upon them had been accordingly executed. On the first day of the third week appellant was arraigned on an indictment for murder, to which he entered his plea of not guilty, whereupon his trial was set for Tuesday of the fourth week. Upon an examination of the record showing the names of the jurors for the said fourth week, appellant was content to submit his case to a jury of twelve to be taken from the jurors thus drawn and recorded for said fourth week, and he waived a special venire.

When appellant appeared in court on Tuesday morning of the fourth week, the day set for his trial, and the names of the jurors were called, the sheriff omitted the names of eight of the regular jurors—eight according to the contention of the state, twelve as contended by ap-

pellant. The record is not clear on this, but as the exact number is not controlling we shall consider the number as eight. It was then discovered that the sheriff, during the second week of the term, had sent out and called in, as tales jurors for said second week, the fourth week jurors whose names he omitted to call on said day of the said fourth week. In other words, of the jurors drawn for the fourth week, the sheriff transferred eight of them as tales jurors to the second week, and, when they had served as tales jurors the second week, he excused them from all service for the fourth week. Having so done, and knowing that as a result thereof there would be an insufficient number of jurors present on the fourth week, the sheriff, on Friday and Saturday next preceding said fourth week and on Monday of that week, selected and summoned of his own choosing a sufficient number of tales jurors to fill the required quota for said fourth week, and it was of jurors thus made up that a tender was made to appellant on the day set for his trial.

Upon discovering the situation, and finding that the tender was not of the regular jurymen whom he had expected, and had a right to expect, would be tendered, appellant objected and called for a special venire, which was refused, on the ground that he had on his arraignment waived a special venire. He thereupon made, in a manner and at the time required by law, suitable and sufficient further objections to the tender aforesaid, and preserved his said objections, all of which were overruled.

What the sheriff did here, and what he did purposely and not by accident, was that long in advance he transferred at least eight jurors from the fourth week to the second week, and then in advance of the fourth week purposely went out and selected according to his own choice enough persons to fill the vacancies he had theretofore brought about. If he could thus transfer eight, he

could in three previous weeks work a transfer of the entire personnel for the fourth week, and present on that fourth week a list of jurors wholly made up of his own selection, not one of whom had been listed and drawn as the law requires. If he could do this, what further beyond he could go, there would scarcely be left any bounds. It is constituted a purposeful and intentional departure from the fundamental requirements of the statutes, and is not within the intent of any curative provision thereof. We do not deem it necessary, beyond what we have already said, to add anything further to the opinions, and the applications of the principles made, in Cook v. State, 90 Miss. 137, 43 So. 618, and Rhodman v. State (Miss.), 120 So. 201, and the cases relied on in those opinions.

Reversed and remanded.