MISSISSIPPI & S. V. R. Co v. BROWN.

(Division B. Feb. 23, 1931.)

[132 So. 556. No. 29250.]

Creekmore & Creekmore, of Jackson, for appellant.

Patterson & Patterson, of Calhoun city, for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellee brought this action against appellant in the circuit court of Calhoun county to recover damages for injuries received by her while a passenger on appellant's railroad, caused by the alleged negligence of the appellant. There was a trial resulting in a verdict and judg-

ment in the sum of seven hundred fifty dollars, and from that judgment appellant prosecutes this appeal.

Appellant pleaded the general issue, and, in addition, to the jurisdiction of the court. Its plea to the jurisdiction of the court was upon the ground that the term of court at which the trial took place was held at a time not authorized by law. Appellee's demurrer to the plea to the jurisdiction was sustained; and thereupon appellant made a motion to quash the jury panel, upon the ground that the jurors were drawn and summoned for service during the first week of the regular term of the circuit court, and not for the second week, appellant contending that the jury summoned for the second week of the regular term was the one before which the trial should have been had. This motion was overruled, and the trial was then had on a plea of the general issue.

The statute provides that there shall be held annually in Calhoun county two terms of the circuit court, "On the fourth Monday of March and on the fourth Monday of September, twelve days" (section 473 of the Code of 1930). The trial of this case took place at the regular September term, 1930, of the court, and during the second week thereof. There was no court held during the first week of the term. The fourth Monday in September, 1930, was the 22d day of the month, therefore the fifth Monday was the 29th day of the month. No court was held during the first week of the term, because the judge so ordered. The judge sent the clerk of the court the following order, which was duly entered on the minutes of the court:

"Order adjourning the regular September, 1930 term of the circuit court, of Calhoun county, Mississippi, to a later day.

"By virtue of the authority vested in me, the undersigned Judge of the third circuit district of the State of Mississippi I hereby order that the regular September 1930 term of the circuit court of Calhoun county, Mis-

sissippi which by law convenes on the fourth Monday in September, 1930, stand adjourned until nine o'clock A. M., on the fifth Monday in September, 1930, which is the 29th day of September, 1930.

"Both civil and criminal dockets will be called on the morning of the 29th of September, 1930, and all litigants, witnesses, attorneys and defendants in criminal cases and parties in civil cases will take notice and be governed accordingly, the men summoned for jury service both grand and petit juries will appear on the morning of the 29th, instead of on the morning of the 22nd of September."

In pursuance of that order the sheriff and the clerk adjourned the court until the next Monday, the second week of the regular term of the court, the 29th day of the month. The court duly convened on the 29th of the month in pursuance of that order, and there appears on the minutes of that day a recital of the order of the judge, providing for the adjournment of the court from the fourth Monday of the month to the fifth Monday, which order concludes in this language:

"And the sheriff and clerk of said county having adjourned said court till this day pursuant to said order said court having met at the courthouse in the town of Pittsboro, Mississippi, present and residing, Hon. Thos. E. Pegram, Judge, Fred M. Belk, District Attorney, Miss Daisy Rogers, Official Court Reporter, Sam H. Smith, Sheriff, Ernest Lane, Circuit Clerk, Mrs. J. P. Carter, D. C."

Section 733 of the Code of 1930, which statute had been in force in the same language for several years prior to the Code of 1930, provides, among other things, that by a written order of the judge a term of court may be adjourned by the sheriff or clerk to any day of the term the order may direct, and parties, witnesses, and jurors must attend accordingly.

It will be noted that the order of the judge, authorizing the adjournment of the court from the first to the second week of the term, failed to direct the sheriff or the clerk to so adjourn the court. It is argued that the order of the judge was void, because by it the judge himself attempted to adjourn the court from the first to the second week of the term, instead of ordering the sheriff or the clerk to do so.

The appellant argues that the statute should be strictly construed against the validity of the adjournment. We are of opinion that, giving the statute that kind of construction, the adjourned term was legal. It is true that the order did not say to the sheriff and clerk, in so many words, that one or the other was directed to adjourn the court from the first to the second week of the term; nevertheless, no other meaning could reasonably have been put on the order. In the first place, the statute does not provide that the written order shall, in express terms, direct the sheriff or the clerk to proclaim the adjournment. In the second place, if the statute so provided, the adjournment by the sheriff or the clerk in pursuance of the order would be a substantial and sufficient compliance with the statute. As above shown, the minutes of the court on the 29th of the month, the second week of the regular term, show that the adjourment was by the sheriff and clerk, in pursuance of the order of the judge. We are of opinion, therefore, that there is no merit in appellant's contention that the court was without jurisdiction to try this cause.

Appellant assigns and argues as error the action of the court in overruling its motion to quash the jury panel, on the ground that the jury before which the trial took place had been summoned as jurors for the first week of court, instead of the second week; appellant's contention being that the trial ought to have taken place before a jury from the panel summoned for the second week, instead of for the first week.

Sections 2062 and 2064, Code 1930, have been in force in this state in their present form for many years. They provide as follows:

"2062. A challenge to the array shall not be sustained, except for fraud, nor shall any venire facias, except a special venire facias in a criminal case, be quashed for any cause whatever."

"2064. All the provisions of law in relation to the listing, drawing, summoning and impaneling juries are directory merely; and a jury listed, drawn, summoned or impaneled, though in an informal or irregular manner, shall be deemed a legal jury after it shall have been impaneled and sworn; and shall have the power to perform all the duties devolving on the jury."

Appellant does not undertake to show that it suffered any harm on account of being tried before a jury for the first week instead of one for the second week, nor does appellant claim that there was any fraud practiced in the making up of the jury. There being no fraud, nor a total departure from the manner prescribed by law for the listing, drawing, summoning, and impaneling of the juries, the action of the court in overruling appellant's motion to quash the panel was without harm to appellant. Sullivan v. State, 155 Miss. 629, 125 So. 115; Harris v. State, 155 Miss. 794, 125 So. 253; Cook v. State, 90 Miss. 137, 43 So. 618.

The appellant contends that the verdict was so excessive as to evince passion or prejudice on the part of the jury, and a new trial, therefore, should be granted on that ground. We do not think so. If appellee's evidence was true, the verdict was not excessive—certainly not so excessive as to indicate that the jury were improperly influenced.

Affirmed.