CLAUNCH v. STATE.

In Banc. April 10, 1950.

No. 37351 (45 So. (2d) 581)

**Windham & Cunningham,** for appellant.

**R. O. Arrington,** Assistant Attorney General, for appellee.

**Smith, J.**

The appellant was convicted of the unlawful posses-sion of intoxicating liquor, fined and sentenced to serve a term in jail. On his appeal here, his only assignment of error is that the trial court erred in overruling his motion to quash the search warrant and to suppress the evidence obtained by a search made on the authority thereof.

The grounds on which the motion was based were, first, the absence of conditions precedent required to be present in order to warrant appointment of a special officer to serve the process; and, second, the appoint-ment of said special officer was void, for the reason that there was no written application therefor, in violation of the statute requiring it.

The special officer was appointed and directed to ex-ecute a search warrant issued by the circuit judge, by an order which stated in part . . . directing the search of the dwelling house, outhouses," and so forth, of appel-lant, and further recites "and it appearing further to the satisfaction of the undersigned (i. e., the circuit

judge) from evidence this day heard that the Honorable Sale Martin, Sheriff of said County, and Honorable 'Bud' Lester, Constable of the first supervisors' district of said County, cannot be found, and are probably engaged in other official duties out of the Town of Booneville, and that it is necessary and expedient that said search warrant be executed immediately; and that J. B. Estes is a resident citizen and qualified elector of said county and would be otherwise qualified to serve said warrant,'' the appointment was made, as stated, supra.

This was all done in vacation. There is nothing said in the order about any application for it. ▆▆ The only statute authorizing the appointment of a special officer to serve the process of the circuit court is Section 1877, Code 1942, which reads as follows: ''When the sheriff and coroner are disqualified, or vacancies exist in said offices, or for other good cause shown, the court, or the judge in vacation, or one of the judges of the Supreme Court, may order process to be directed to any disinterested and proper person, who shall thereby be authorized to execute and return the process in the same manner, and with the same effect in law, as if such person were the sheriff of the county. The application and order, if made in vacation, shall be in writing and filed with the clerk.''

It will be noted that the statute mandatorily provides that ''The application and order, if made in vacation, shall be in writing and filed with the clerk.'' The application should be in writing, and acquaint the trial judge with a basis to determine whether or not to hear evidence thereon, and to become a permanent part of the record, available to a party to the lawsuit when its authority should be deemed challengeable as infringing a right of the party prejudiced, either by the granting or denial of the application for appointment of such special officer. This statute deals with both civil and criminal matters, and it could be granted or denied by the Court or the trial judge in vacation, either chancery or circuit.

It is unimportant, therefore, to the solution of the issue before us that in the instant case, a violation of a criminal statute was involved and that the trial judge was of the circuit court. The proceedings were in vacation, and there was no written application filed with the clerk for the appointment of a special officer to serve the process, which had already been issued on an affidavit praying a warrant to search appellant's premises for intoxicating liquors.

This brings us to the question, was the application for the search warrant also an application for the appointment of a special officer to serve it? We think not. We turn now from the chapter on Process, wherein Section 1877 is found, and proceed to the Chapter on Criminal Procedure, where Section 2604, Code 1942, sets out the affidavit to obtain a search warrant as to stolen goods, the prayer of which is by the statute prescribed as follows: "and affiant prays a search warrant to search said premises, and seize the said goods if found, and also the body of said Samuel Miller, (a supposititious party) to be disposed of according to law." Section 2605, Code 1942, directs that the search warrant be addressed to "Any lawful officer of —————————county."

But the case at bar is concerned with the unlawful possession of intoxicating liquors, so the chapter on Intoxicating Liquors now concerns us, and Section 2614, Code 1942, thereunder, which is headed, "Affidavit for search warrant—contents—duty of officer taking affidavit." It provides that upon the affidavit of any credible person, and so forth, it shall be the duty of the judicial officer before whom the affidavit is properly made "to issue a search warrant, directed to the sheriff or any constable of the county, or if in a municipality, to the sheriff or any constable or marshal or policeman therein, commanding him to proceed . . . and to diligently search any building . . . and to arrest the person, or persons in possession and control of same."

It is, of course, apparent, upon consideration of the sections of the Code dealing with search warants, that no provision is made therein for a prayer for appointment of a special officer to serve the same, all such process being directed to be addressed to a lawful officer. Then if the ''sheriff and coroner are disqualified or vacancies exist in said offices, or for other good cause shown, the court, or judge in vacation, or one of the judges of the Supreme Court, may order process to be directed to any disinterested and proper person, . . .''.

We pretermit discussion of the other ground of the motion to quash the process and suppress the evidence obtained by the search, because it appears that ██ █ the statute requires a written application for the appointment of a special officer to serve the process, when the matter arises in vacation, as was the case here. Since there was no such written application the appointment was void, the search not warranted thereunder, and the evidence obtained thereby inadmissible.

It is incumbent upon us, therefore, to reverse and discharge the appellant.

Reversed and appellant discharged.

**Lee, J.**, dissenting.

The decision in this case called for a construction of the last sentence of Section 1877, Code 1942, which is in these words: ''The application and order, if made in vacation, shall be in writing and filed with the clerk''.

The Court holds that there was no written application for the appointment, and that such appointment was void, thus destroying the right to search.

I am unable to bring myself into agreement with this construction, and, with deference, I respectfully dissent from that conclusion for two reasons: (1) Either there was an application in writing, under the circumstances of this case, or (2) The ''shall'' in this statute is directory, and not mandatory.

A sheriff has the legal right to serve a search warrant. If he makes an affidavit for a search warrant, he signs a paper, alleging probable cause, and praying for the issuance of a search warrant. I think it is obvious that, so doing, he is applying for authority to make a search.

In the case here, Estes made affidavit before the Circuit Judge for a search warrant. He signed the affidavit. Thereupon, according to the order of appointment, the Judge heard the evidence. He was the highest judicial officer in the district. He was presumed to know the law. We should indulge the presumption that he ascertained all the facts necessary for him to act. The record proof shows that Estes was marshal of the Town of Booneville, and, therefore, a peace officer. The place to be searched was about one-fourth of a mile outside the corporate limits of the town of Booneville. There was the necessity for an immediate search. The sheriff and constable were not available. Are we not justified in believing, under the presumption of regularity, that the Judge accepted the affidavit, signed by Estes, as the application of Estes for authority to make the search, and, therefore, for his appointment? The Circuit Judge made the appointment in writing. When he issued the search warrant, he directed it "To J. E. Estes Hereby Appointed To Execute This Warrant By Undersigned Circuit Judge".

The Court, in my judgment, by its construction, destroys the practical use of Section 1877, supra. The Court holds that although the Judge had the power to issue process, he had no power to appoint a person to serve it, unless and until some proper person voluntarily made application in writing to be appointed. How many disinterested citizens will be willing to assume this kind of burden? Must the highest judicial officer in a district fold his hands and say: "This ought to be done, but no disinterested citizen asks me in writing to appoint him; so I can do nothing about it." What is the rationale of such a rule? How can there be an infringement of the right of the person searched? When he received a copy

of the search warrant, which must be served on him, he saw that the Circuit Judge had appointed Estes to execute it. He thereby knew that Estes was not an intruder. Should he be allowed to say that, since Estes had not signed some paper expressly asking for the appointment, perhaps Estes was not willing to assume the duty? The complete answer to that question would be: Estes Was There.

Under Section 1814, Code 1942, a justice of the peace of the county, if a deputy sheriff also had not been available, could have appointed a proper person to serve this process without the necessity of an application therefor in writing. Yet, the Circuit Judge, under this decision, exceeded his authority. A justice of the peace has more power, under such circumstances, than a Circuit Judge—the highest judicial officer in a circuit court district.

Section 23 of the Constitution which preserves the right of the people against unreasonable search, is no more sacred than Section 26 of the Constitution, which provides for trial by an impartial jury. Several of the statutes relating to the way and manner of selecting juries, Chapter 9, Vol. 2, Code 1942, provide that certain things Shall be done. Yet, this court, in these instances, has construed Shall to be directory, in accordance with Section 1798, Code 1942, and not mandatory. Rhodman v. State, 153 Miss. 15, 120 So. 201; Wampold v. State, 170 Miss. 732, 155 So. 350; Hayes v. State, 93 Miss. 670, 47 So. 522, 17 Ann. Cas. 653; Atkinson v. State, 137 Miss. 42, 101 So. 490; Wells v. State, 160 Miss. 298, 133 So. 227; Ferguson v. State, 107 Miss. 559, 65 So. 584; Mississippi & S. V. R. Co. v. Brown, 160 Miss. 123, 132 So. 556; Taylor v. State, 148 Miss. 621, 114 So. 390; Sullivan v. State, 155 Miss. 629, 125 So. 115; Harris v. State, 155 Miss. 794, 125 So. 253:

Therefore, I think the proper appraisal of this record shows that an application for Estes' appointment was made in writing; but if not, the requirement for the application to be made in writing is directory, and not

mandatory. If these contentions are correct, or either of them, the appellant should not be relieved of punishment for the unlawful possession of 42½ gallons of moonshine liquor.