STEPHEN WEST *v.* STATE OF MISSISSIPPI.

1. CRIMINAL LAW.  *Jurors.  Special venire.  Jury boxes exhausted.  Mode of selecting veniremen.*

 Where the jury boxes are exhausted and a special *venire facias* is directed to the sheriff commanding him to summon jurors, it is no objection to the venire that the sheriff, acting in good faith, with the aid of a deputy, selected the names of an equal number of qualified jurors from each supervisor's district of the county, using the registration and assessment rolls in so doing, and caused the jurors so selected to be summoned.

2. SAME.  *Service of venire.  Mode.*

 The jurors being in attendance on the court, the mode of the service of the venire on them is unimportant, and a litigant cannot predicate error of the mode of service on them, or the want of it.

3. SAME.  *Disqualified jurors not objected to.  Supreme court practice. Code 1892, ₰ 4370.*

 If a juror on his *voir dire* disclose facts rendering him disqualified, a defendant who declines to object to him for cause cannot, after verdict, complain of the disqualification, and the case falls on appeal within code 1892, ₰ 4370, prohibiting reversals by the supreme court for errors not made the ground of special exception in the court below.

4. SAME.  *Murder.  Instruction.  Jury unable to agree on punishment. Code 1892, § 1439.*

 If the jury in a murder case agree on defendant's guilt, but cannot agree on the punishment (under code 1892, ₰ 1439), it should return a general verdict of guilty, and the court may so instruct.

FROM the circuit court of Warren county.

HON. GEORGE ANDERSON, Judge.

West, appellant, was indicted, tried, and convicted of murder, and sentenced to death.  He appealed to the supreme court. The opinion sufficiently states the case.

*J. A. Ramsey,* for appellant:

The motion of the defendant to quash the venire should have been sustained, for either of two reasons: (1) The manner of selecting the venire was an innovation in criminal jurisprudence. (2) The jurors were never served with any process.

Section 2386, code 1892, directs the course to be pursued in getting before the court the special venire which has been asked for by the defendant. Neither of these courses prescribed by law was followed in this case.

The sheriff did not go out and summon the jurors; he went into his office, and there with assistance selected the men, listed them, seven from each district, and then gave the names of those whom he had listed and chosen to deputies to be served by them with process. This course was a flagrant departure from the law, established rules and precedents, and constitutes reversible error. The mode of service adopted in this case to get the venire into court was entirely foreign to law.

It will not do to say that the notification served the purpose to get the jurors in court, and that therefore the defendant below has no cause of complaint. We could justify a lynching with the same logic. The law is the supreme power and direction to which we must look for impartial judgment on earth, be that judgment good or ill; and if time honored customs and solemnly revered laws be laid aside, and all manner of whimsical "short cuts" adopted by the courts to rush a man on trial for his life through the mill, such course would indicate a laxity entirely too great. To notify jurors is not to summons them; the statute provides for them to be summoned.

The defendant should have had tendered to him a jury of twelve competent men to try his case. One of the jurors swore that he had not paid his taxes, although liable to pay, and another swore that he was not a registered voter of the county of Warren, where the cause was being tried. Defendant then and there demanded to have tendered him twelve competent men to sit as jurors and try his case, but his demand was not granted.

The second instruction for the state was erroneous, because it directs the jury that they may return into court a verdict when they have not agreed to one.

*W. L. Easterling,* Assistant Attorney-General, for appellee.

It appears affirmatively that the jury boxes were exhausted, and therefore it became necessary to issue the writ to the sheriff commanding him to summon the venire men from the body of the county.

The sheriff has a discretion necessarily, and he is not bound to go out and summons every man he meets. It is hard to see how anything but a benefit could result to the defendant by such precaution by the sheriff as was taken in this case to obtain qualified jurors.

The defendant cannot complain, having been tried by a competent jury, of mere irregularities or informalities in the manner of selecting and summoning them. Code 1892, § 2389; 12 Am. & Eng. Enc. P. & P., 297; *Lee* v. *State,* 45 Miss., 114; *Head* v. *State,* 44 Miss., 731.

Defendant declined to challenge the jurors whose disqualifications had been previously made known, and cannot complain that they served.

The instruction for the state directing the jury as to the form of their verdict, in the event they believed the defendant guilty beyond a reasonable doubt, but could not agree on the punishment, has been approved by this court too often to need argument or authorities on the point.

Argued orally by *J. A. Ramsey,* for appellant.

TERRAL, J., delivered the opinion of the court.

Steven West was convicted in the circuit court of Warren county of the murder of Minnie Fisher, and sentenced to be hanged. From the judgment this appeal is taken. He assigns several errors in the proceedings before the trial court:

1. There being no names in the jury box, the court directed the clerk to issue a special venire facias for thirty-five jurors. This writ being placed in the hands of the sheriff, he, with the aid of his deputy, and by the examination of the registration books of the county and the personal assessment roll, selected seven names from each supervisor's district, and gave them to his bailiffs, to be summoned as jurors in the case. Whether these persons were in fact summoned at all does not appear. There is a notice in the record as if they were severally written to by mail, but that is only a subject of conjecture. The contention is, as we understand it: (1) That unless a summons was actually served upon a juror the proceeding is void; (2) the selection by the sheriff of the seven names from each supervisor's district infected the proceeding with fatal error. It is not alleged that the sheriff or his deputy was moved by any motive of prejudice against appellant in selecting the seven jurors from the five districts of the county. Upon oath they disclaim any bad purpose, and it is perfectly manifest that the object in making the selection was to avoid the summoning of jurors disqualified by reason of not having registered or of not having paid their taxes before February 1st. The motive of the sheriff was a good one, and his action could not possibly do a prejudice to appellant. It was the duty of the sheriff to have thirty-five jurors before the court at the day appointed, according to the command of the writ in his hands. The method of notifying them to appear is unimportant and immaterial, and does not affect the legality of the proceedings.

2. The court, upon an examination of the jurors on *voir dire,* placed twelve men in the jury box, and they were accepted by the state, when the defendant was asked whether he would accept the panel or not. His counsel replied that two of the jurors then in the box on their *voir dire* had disqualified themselves—one by saying that he was not a registered voter, and the other by not having paid his taxes before February 1st. The court said to him: "If you challenge the two jurors for

cause, I will sustain the challenge," to which the defendant said nothing, "and then and there excepted." Section 4370, code 1892, says: "A judgment in a criminal case shall not be reversed because of any error in the case in the court below unless the record shows that the error complained of was made ground of special exception in that court." If the defendant desired to object to the jurors for the cause stated, he should have challenged them therefor. That was the proper and orderly way of making the objection, and, not having pursued the rules of law on the subject, he is not entitled to complain.

3. The objection to the instruction that the jury, being unable to fix the punishment at imprisonment for life, should return a verdict of guilty, if from the evidence, beyond all reasonable doubt, they believed him so to be, is frivolous. It is in exact conformity with the statute, which covers the whole law of the case.

*Affirmed.*