# NELSON *v.* STATE.

In Banc.  April 6, 1931.)

[133 So. 248. No. 29314.]

Barney Eaton, Jr., of Meridian, for appellant.

**W. A. Shipman,** Assistant Attorney-General, for the state.

Argued orally by **Barney Eaton, Jr.,** for appellant, and by **W. A. Shipman,** Assistant Attorney-General, for the state.

**Griffith, J.,** delivered the opinion of the court.

Appellant was convicted of murder, and, in accordance with the verdict, was sentenced to death. So far as the facts of the case are concerned, it need be said only that they amply prove the guilt of appellant and beyond all doubt, even if every item of evidence which was objected to, or which might under any rule have been objected to, had been excluded from the consideration of the jury.

The question in the case is whether the grand jury which returned the indictment was a lawful jury. On this question, the record shows that on Saturday, the 25th day of October, 1930, which was the 24th day of the regular September, 1930, term of the circuit court of Lauderdale county, the circuit judge had determined to call a special term of court in that county to convene on the first Monday in December, 1930, "for the transaction of criminal business." An order for said special term was thereupon made and entered on the minutes of said regular term. This order was entered in the forenoon

of said day, and the court thereafter and at noon on said day adjourned for the term, and the minutes of the term were then closed.

When in the forenoon, as aforesaid, the judge was about to draw the jury for said special term, under section 2039, Code 1930, the judge was informed by the clerk that the jury box was empty, whereupon the court, acting under the language contained in the concluding clause of section 2060, Code 1930, inserted in the order the following direction: "It further appearing unto the court that the jury box of Lauderdale county is now empty, the clerk of the circuit court of said county is hereby ordered to issue a special venire facias commanding the sheriff of said county to summon fifty good and lawful men and qualified electors of Lauderdale county to appear at the courthouse of said county on December 1, 1930, at nine o'clock A. M. to serve as grand and petit jurors . . . and the sheriff is hereby directed to summon said jurors as directed by said special venire to appear for jury service at said special term . . . on the first Monday in December, 1930 at nine o'clock A. M." The venire facias as directed by said order was immediately issued by the clerk, and delivered to the sheriff.

After all the acts and proceedings, above mentioned, in respect to said special term had been done, the clerk of the board of supervisors in the afternoon above five o'clock of the same day, informed the circuit clerk that the board of supervisors of the county, at its regular October, 1930, term, and particularly on the 8th day of October, 1930, had made a new list of jurors to fill the jury box then empty, section 2033, Code 1930; and on the same afternoon the clerk of the board of supervisors filed with the circuit clerk the certified copy of the said list as mentioned in, and required by, section 2035, Code 1930.

But, as already said, the order for the venire facias had then been made, and the writ had already been delivered to the sheriff. No attempt was made to recall it, either by the judge or circuit clerk, and the sheriff proceeded in obedience to it. So doing, the sheriff took the poll-books of the county and selected fifty qualified persons, taking them from among the several districts of the county in proportion to the number of qualified persons in the respective districts, following thereby the same principle in that respect as is declared by section 2033, Code 1930, and the more nearly approaching the true plan of the law than was observed in West v. State, 80 Miss. 710, 32 So. 298, wherein the selection was upheld.

The points raised as we understand the arguments are, first, that, when the board of supervisors selected the names of jurors on October 8, 1930, the jury box became thereby and thereupon immediately filled, although the list was not certified to the circuit court until the afternoon of October 25, 1930. We do not think this point well taken. The circuit clerk is the custodian of the jury box, and it is his duty to place therein the slips containing the names of the jurors in accordance with the list furnished him. Section 2045, Code 1930; see, also, sections 364 and 2033, Code 1930. But the circuit clerk is not required to attend upon the sessions of the board of supervisors to ascertain the names of the jurors, or to search the minutes of said board to find these names. The statute, section 2035, Code 1930, requires the clerk of the board to deliver to the circuit clerk a certified copy of the list of jurors, which list so certified and delivered is the warrant to the circuit clerk to make the slips and place them in the box, and, until he has received this statutory warrant for so doing, no complaint can be made of the circuit court, or of the clerk thereof, that said clerk has not filled the box in accordance with the names selected by the board, but not yet officially transmitted to the circuit clerk. If there were any fraud or

wrongful purpose shown in the matter of the delay in filing the list with the circuit clerk, that would be another question, but no such fraud or wrongful purpose is asserted here.

The point in its second aspect is that when the list has reached the circuit clerk and the box thereupon became filled, the sheriff could not thereafter select the names from the poll-books, although acting under an order and venire facias issued previously to the filling of the jury box; but that the only course thereupon open was to draw the names from the box in vacation, as provided in section 2041, Code 1930; and in the third place, that, the court in the event of an empty jury box could not, under section 2060, Code 1930, order a jury summoned by the sheriff until after the convening of the court in the session at which the said jurors are to serve. We are of opinion that, for the reason hereinafter stated, these two contentions are not sustainable in this case.

It may be argued with some force that the purpose disclosed in the statutes relative to the drawing and summoning of jurors, and which purpose is touched upon in Harris v. State, 155 Miss. 794, 125 So. 253, is that in all events such steps shall be taken and such orders made in advance, as that there shall be no delay when the term convenes by having to suspend business and wait while the sheriff shall have time to summon jurors from all parts of the county. We do not hold, however, that the strictly proper course for the judge to have followed here, when he called the special term, was to order the special venire facias at the time and in the manner he did. All we hold is that his order in that respect was not void, from which it follows that it was binding on all subordinate officers, and particularly on the clerk and sheriff. It was their duty to obey it, and that was what they did in this case, without any assumption or attempt on their part to change it or to perform it in some modified form. It must then further follow that what they

did was not void; and there being no claim, or intimation of claim, that the jurors selected were not fairly competent, or that any fraud was practiced, or that any officer concerned resorted to any means calculated to materially prejudice the rights of appellant in respect to any matter of real substance under the jury laws, the points here urged are within, and are obviated by, the curative provisions of section 2064, Code 1930, which provides that "a jury listed, drawn, summoned or impaneled, though in an informal or irregular manner, shall be deemed a legal jury after it shall have been impaneled and sworn." See Harris v. State, supra.

Affirmed, and Friday, the 8th day of May, 1931, is fixed as the day for the execution of the sentence.