ARNOLD *v.* STATE.

(Division A.  Oct. 29, 1934.)

[157 So. 247.  No. 31392.]

**C. F. Cowart,** of Meadville, and **A. A. Cohn,** of Brookhaven, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

**McGowen, J.,** delivered the opinion of the court.

Preston Arnold, the appellant, was convicted of murder in the killing of John Temple, and was sentenced to serve a life term in the state penitentiary.

1. There was sharp conflict in the evidence offered by the state and by the appellant. There were eyewitnesses to the killing, but there was some conversation between the parties at its inception which was not heard by these witnesses. We deem it unnecessary to set out, in detail, the evidence. We think it was clear that it was proper to submit the case to the jury, and that the court below correctly refused a peremptory instruction.

We do not think it was error to refuse the instructions requested by the appellant.

2. It is assigned as error here that the court below refused to quash the special venire from which the jury in this case was impaneled.

This case was tried at the January, 1933, term of court, fifteen days before the grand and petit juries had been drawn from the regular jury box and the box exhausted, but at its January meeting the board of supervisors had certified to the clerk a new jury list containing the names of those who were eligible as jurors for twelve months following the expiration of thirty days. Less than thirty days thereafter, the court convened, the appellant was arraigned, pleaded not guilty, and a special venire was requested, and his motion for a special venire was sustained. It was then found that the jury box was exhausted, and the court directed the clerk to fill up the box with names from the jury list made by the board of supervisors at its January meeting. This was done by the circuit clerk, and the special venire was drawn from this box. The special venire was made returnable to a subsequent day in the term, January 18th, and at the time this special venire was drawn the appellant made no objection thereto, but on the return day, and when the juries came into court, the appellant dictated a motion into the record to quash the venire upon the ground that it had been illegally drawn, in that the names on the jury list could not be used until thirty days after the list had been made up.

The above recital is the substance of the motion which is sustained by the proof.

There is no intimation in the record that the appellant was tried by other than a fair and impartial jury.

Under section 2061, Code of 1930, among other things, it is provided, in capital cases, that: "In the event that there should be no such box, or the same should be mis-

laid, or the names therein have been exhausted, then the court may order a special venire facias to be issued by the clerk, directing the sheriff to summon as many jurors as may be necessary, not less than forty. . . ."

It is the precise contention of the appellant that the court should not have drawn the venire facias from which the jury is made up in this case, but that the court should have ordered the clerk to issue the venire facias to the sheriff to summon the qualified persons as jurors.

By section 2064, Code of 1930, all the provisions of law relating to the listing, drawing, summoning, and impaneling of juries are said to be directory merely.

The pertinent parts of section 2033, Code of 1930, are as follows: "The board of supervisors at the first meeting in each year, or at a subsequent meeting if not done at the first meeting, shall select and make a list of persons to serve as jurors in the circuit court for the twelve months beginning more than thirty days afterward." Then follows directions as to how the list is to be made up, and the section concludes with the following statement: "If the jury box shall at any time be so exhausted of names as that a jury cannot be drawn as provided by law, then the board of supervisors may at any regular meeting make a new list of jurors in the manner herein provided."

It would seem that the circuit court was confronted with just the condition provided for in the last sentence of the above-quoted section, but, if error at all, it was an error of irregularity merely which did not constitute fraud, or a complete departure from the scheme for impaneling a special venire to try capital cases. It is quite evident that the fair way to secure a jury to try capital cases is that jurors be drawn from the list made up by the board of supervisors, presumably disinterested, rather than have the sheriff of the county select the jury, which he is authorized to do in the emergency described in the statute.

The action in the case at bar is very similar to the action of the lower court in the case of Cook v. State, 90 Miss. 137, 43 So. 618, where the court held that the preparation of a jury list for a term of court by the proper officers more than fifteen days before the commencement of the term, though the law provides that the selection shall be made within fifteen days of the opening of the term, is an irregularity, and does not warrant the quashing of the panel, under section 2389, Ann. Code of 1892, which provided, in substance, that the provisions of law in relation to the drawing of juries were merely directory. Also compare Lee v. State, 138 Miss. 474, 103 So. 233. The court was not, therefore, in this repect, in error.

We are further of the opinion, however, that it was the duty of the appellant in this case to have interposed his objections at the time the special venire was being drawn from the jury box as it was then constituted, and, not having done so, he waived the point.

We are therefore of the opinion that there was no reversible error in this case, and it will be affirmed.

Affirmed.