## MOON *v.* STATE.

(En Banc.   June 1, 1936.)

[168 So. 476.   No. 32087.]

Semmes Luckett, of Greenwood, for appellant.

**Wm. H. Maynard,** Assistant Attorney-General, for the state.

**Anderson, J.,** delivered the opinion of the court.

Appellant and Fedro Pearson were jointly indicted for the murder of J. C. Parker. There was a severance and each tried separately, and both were convicted and sentenced to be hanged. Pearson appealed, and the judgment against him was affirmed. Pearson v. State (Miss.), 167 So. 644, 645. Appellant also appeals.

The two cases are identical down to and including the second motion to quash the indictment and the order overruling it.

Appellant's motion for a special venire was granted and by the sheriff summoned from the qualified electors of the county at large. Appellant made a motion to quash the special venire upon the ground that when it was granted by the court a new jury list had been put in the jury box by the board of supervisors, and that under the law the special venire should have been drawn and summoned from this list. The record shows that the new jury list was prepared by the board of supervisors and put in the jury box less than thirty days before the special venire was granted and the trial had. The motion was overruled by the court. Appellant complains of that action of the court. The prior jury list had been quashed upon the ground set forth in the Pearson Case. Section 2033, Code 1930, provides, among other things, that if there is no jury list the board of supervisors may, at any meeting, make a new list to serve as jurors "for the twelve months beginning more than thirty days afterward." The statute, in plain language, provides that the list is not to be used until after the expiration of thirty days. Although not directly in point, Lee v. State, 138 Miss. 474, 103 So. 233, and Nelson v. State, 160 Miss. 401, 133 So. 248, support the view that the new jury list could not be used until more than thirty days afters its adoption. Furthermore, section 2062 provides as follows:

"A challenge to the array shall not be sustained, except for fraud, nor shall any venire facias, except a special venire facias in a criminal case, be quashed for any cause whatever."

Under this statute a special venire will not be quashed except for fraud or a total departure from the procedure laid down. Harris v. State, 155 Miss. 794, 125 So. 253; Bond v. State, 128 Miss. 792, 91 So. 461.

The giving of the second instruction for the state is assigned and argued as error. That instruction is in this language:

"The Court charges the jury that murder is the killing of a human being without authority of law, by any means or in any manner when done with the deliberate design to effect the death of the person killed, or, without such design when done in the perpetration of the felony of robbery.

"The Court therefore charges the jury in this case that if they believe from the evidence beyond a reasonable doubt that the defendant in this case, Roosevelt Moon, in company with another, both having a common design to rob the said J. C. Parker store and J. C. Parker in charge and custody thereof, went to the J. C. Parker store for the purpose of robbery of the store and J. C. Parker and while so engaged to this design his associate, Fedro Pearson shot the said J. C. Parker with a deadly weapon, to-wit: a pistol, either with the formed purpose to kill him or without such intent and as a result of said shot J. C. Parker died, then the jury should find the defendant guilty of murder and it is immaterial whether or not the defendant Roosevelt Moon shot the deceased, and the jury should so find him guilty, even though they may believe that he, the defendant Roosevelt Moon, did not personally fire the shot that killed the deceased."

We see no misstatement of the law in the instruction. Certainly, taken in connection with all the other instructions, the jury were correctly and fairly given the law of the case.

Appellant's codefendant was first tried and convicted. During his closing argument, the county attorney informed the jury of such trial and conviction, to which statement appellant objected and asked for a mistrial. A mistrial was denied, but the judge instructed the jury to disregard the statement of the county attorney. These facts were embodied in a special bill of exceptions signed by the judge.

Appellant assigns and argues as error the action of the court in refusing to enter a mistrial. Although the lan-

guage used by the county attorney should not have been used, the court's caution to the jury to disregard it, we think, cured any prejudicial effect it might have otherwise had. Shelton v. State, 156 Miss. 612, 126 So. 390.

Affirmed, and Friday, June 10, 1936, fixed as date for the execution of the sentence.