RILEY, et al. *v.* STATE.

In Banc.    Feb. 13, 1950.

No. 37339  (44 So. (2) 455)

Morgan, Thornton & Morgan, for appellants.

George H. Ethridge, Assistant Attorney General, for appellee.

Hall, J.

Bud Edd Riley and his son Robert Lee Riley were jointly indicted, tried and convicted of the murder of Noony Wilder and the jury fixed their punishment at imprisonment for life in the state penitentiary, from which they both appeal.

Prior to the trial in the lower court appellants requested a special venire which was granted. Upon examination of the jury box it was discovered that the same had been exhausted in the selection of the grand jury and the regular panels of the petit jury. Thereupon pursuant to the provisions of Section 1795 of the Mississippi Code of 1942 the trial court ordered a special venire facias to be issued by the clerk, directing the sheriff to summon 75 jurors. The court orally directed the sheriff, in the presence of appellants and their counsel, to select these names from the poll books of the county, beginning with district 1 and continuing, precinct by precinct, and district by district, throughout the county, drawing every fiftieth name, but to omit the selection of persons known to be out of the county, or sick, or a school bus driver under bond, or suffering from some other prima facie disqualification for jury service, and then to select the name next above or below that of such disqualified person. The sheriff, however, did not follow precisely the procedure which had been suggested by the court and

gave as his reason for departure therefrom that the time was getting short and it was necessary for him to select the names as quickly as possible in order to obtain service of process upon the prospective jurors and then serve a copy of the writ with his return for the full day provided by statute upon appellants or their attorneys.

Appellants filed a motion to quash the special venire so selected and said motion was overruled, the court stating into the record at the time that he was satisfied that the statute had been fully complied with and that a fair and impartial panel had been summoned for the trial. This action of the trial court is assigned as error. Section 1796 of the 1942 Code provides ''A challenge to the array shall not be sustained, except for fraud, nor shall any venire facias, except special venire facias in a criminal case, be quashed for any cause whatever.'' In numerous cases this court has held that ▮▮ a special venire will not be quashed except for fraud or a total departure from the procedure laid down by the statute. Harris v. State, 155 Miss. 794, 125 So. 253; Nelson v. State, 160 Miss. 401, 133 So. 248; Bond v. State, 128 Miss. 792, 91 So. 461; Arnold v. State, 171 Miss. 164, 157 So. 247; Moon v. State, 176 Miss. 72, 168 So. 476; Dampier v. State, Miss., 31 So. 2d 115, not reported in the State Reports. See also West v. State, 80 Miss. 710, 32 (So.) 298. ▮▮ Here there was no total departure from the statute nor is there any suggestion of fraud reflected by the record. Consequently this assignment is without merit.

Appellants next argue that they were each separately entitled to a directed verdict. The evidence discloses that this killing occurred on the main street of the town of Sallis at about 4 or 5 o'clock on a Sunday afternoon. On the previous day there had been some kind of difficulty between the deceased and one of the sons of appellant Bud Edd Riley, as a result of which this son had jumped from a bridge and injured his hand. On Sunday the appellant Bud Edd Riley armed himself with a pistol, a rifle and a shot gun, and went to Sallis and there encoun-

tered the deceased. The appellant Robert Lee Riley had walked to Sallis and was present at the time of the difficulty. The deceased was slain by a single wound from a dirk knife. Both appellants claim that Robert Lee Riley is the one who struck Wilder with the knife, but the witnesses for the state are positive that Bud Edd Riley is the only one who struck deceased, and that Robert Lee Riley never got within reach of him until he was down on the ground mortally wounded at which time Robert Lee Riley ran up and struck him in the back with the shotgun. Prior to the stabbing there was a "free for all" shooting which, according to the prosecuting witnesses, was started by Bud Edd Riley with his pistol, and during which Robert Lee Riley obtained the rifle from the car and shot at deceased with it, and then obtained the shotgun from the car and shot at him with it. Poor marksmanship was rampant and in spite of all the shooting which unquestionably took place not a single wound was inflicted by any of the impressive array of firearms. The state's proof is that as the smoke of battle cleared away the deceased, then wholly unarmed, came toward Bud Edd Riley with his hands raised and palms open, and Bud Edd Riley ran up to him and struck him in the chest with something and deceased fell or sank to the ground, face down, and Robert Lee Riley ran up with the shotgun, then empty, and struck him in the back with it.

The Rileys went back to their automobile and one of the bystanders took them in custody and took two pistols from their possession. One was a .38 caliber Smith & Wesson which had been fired four times. The other was a Spanish make with .32/.20 caliber which had been fired two times and had been twice snapped without firing; it is fairly inferable from the evidenc that this pistol belonged to the deceased, and there is evidence for the state that Bud Edd Riley picked it up from the ground during the melee. Another bystander took the rifle and

shotgun from the car and also found on the floor of the car, between the front and rear seats, a dirk knife which was covered with fresh blood.

Appellants argue that since death was inflicted by a single stab wound both of them should not have been convicted and that at least one of them was entitled to a directed verdict, but we do not agree with that contention. The law is well settled that ██ ██ when two or more persons are confederated for the purpose of murdering another, and in furtherance of such common design such person is killed by one of the conspirators, the killing was the act of each regardless of which inflicted the mortal wound. Hurd v. State, 137 Miss. 178, 187, 102 So. 293. And in such case, ██ ██ "The state, in establishing conspiracy, is never required to prove in express terms an agreement between the parties to do the unlawful act, but it is sufficient when the evidence reveals, from all the facts and circumstances, together with the acts of the parties, a common design or understood purpose between the parties to commit the crime." Spight. v. State, 120 Miss. 752, 761, 83 So. 84, 85. See also, Adams v. State, 175 Miss. 868, 167 So. 59, and Merrell v. State, Miss., 39 So. (2d) 306, not reported in the State Reports. Here there was proof which the jury evidently accepted as true that both appellants by concerted action were doing all within their power to effect the death of Wilder with a common design toward that end, and it is wholly immaterial as to which of them proved to be successful in the effort. The judgment of the lower court is therefore affirmed.

Affirmed.