¶ 13. The majority reverses and renders the Court of Appeal's affirmance of Brian Lee's conviction for conspiracy involving the sale of LSD because the majority claims that the evidence in this case was insufficient to prove a conspiracy between Lee, Bradley and Watkins as set forth in the indictment. In my view, the Court of Appeals was correct in affirming Lee's conviction. See Lee v.State, 733 So.2d 336 (Miss. Ct. App. 1999) (Diaz, J.). Therefore, I disagree with the majority and accordingly dissent.
¶ 14. The State is not required to prove a conspiracy by Lee with both Bradley and Watkins under the amended indictment in order to convict Lee. A conspiracy is complete when two or more persons conspire, combine and agree to accomplish an unlawful purpose. Miss. Code Ann. § 97-1-1 (h) (1994). This Court has repeatedly held that the conspiracy is completed when two of more persons conspire or combine together to accomplish an unlawful purpose.Taylor v. State, 536 So.2d 1326, 1328 (Miss. 1988); Moore v.State, 290 So.2d 603, 604 (Miss. 1974); Riley v. State,208 Miss. 336, 340, 44 So.2d 455, 457 (1950). Here, the State's case in chief sufficiently proved that Lee and Bradley conspired in that Lee, on at least six occasions, sold large quantities of LSD of Bradley in a common scheme or plan and that Bradley transferred the LSD to Watkins in exchange for cocaine. The jury here could have found by the circumstances and inferences that Lee knew that the LSD he traded to Bradley for cocaine was sold to others by and through a third party. Evidence of conspiracy, and the defendant's membership in it, may be proved entirely by circumstantial evidence. Franklin v. State , 676 So.2d 287, 288 (Miss. 1996). The offense is complete without showing an overt act in furtherance of the conspiracy. Davis v. State, 485 So.2d 1055, 1058 (Miss. 1986). See also Moore v. State, 290 So.2d at 604. In the case at bar, there is a combination of direct evidence and circumstantial evidence from which the jury could infer a conspiracy existed. The video and audio surveillance tapes all constituted direct evidence. Bradley's wife, Sarah, testified that Lee sold her LSD on occasions prior to the event in question. This further establishes inferences of the ultimate conspiracy between Lee, Bradley and Watkins.
¶ 15. For these reasons, I respectfully dissent.
WALLER AND COBB, JJ., JOIN THIS OPINION.