SMITH, Justice:
Ernest Ray Butler was convicted in the Circuit Court of Tishomingo County of having intentionally pointed, aimed and fired a 12 gauge shotgun at one Percy Brown, not in necessary self-defense, nor in the discharge of official duty, thereby wounding the said Percy Brown. Mississippi Code 1942 Annotated section 2013 (1956).
For his offense the court imposed a sentence of five years in the penitentiary, suspending half of it during good behavior. Butler appeals.
The sufficiency of the evidence to sustain the conviction is not challenged. The single assignment of error is to the effect that the trial court erred in overruling appellant’s motion “to quash the grand jury, petit jury and the indictment.”
The motion, (actually, according to its terms, a motion to quash the jury lists) filed after the grand jury had been empaneled and the indictment returned, was based upon a contention that there had been no valid list of jurors from which to draw the names of prospective jurors to be placed in the jury box. It was charged that the grand jury which indicted appellant as well as the petit jury which convicted him were illegally constituted because the board of supervisors had not complied with the statutes regulating the selection and the placing of names of jurors upon the jury lists from which the names in the jury boxes had been taken.
The court heard evidence upon the motion. It was shown that the board of supervisors met on the first Monday in April, 1968 and, although minutes for that day were prepared and written into their official minute book, these minutes were never signed. The board met again the next day and entered upon its official minutes the jury list for the ensuing term of the circuit court, the term at which appellant was indicted, tried and convicted. These minutes were signed by the president of the board of supervisors.
At its meeting in August, 1968 the board attempted to add the names of a number of women. Again, although the minutes of this meeting were duly prepared and entered upon the board’s official minute book, they were never signed.
*834 It is the contention of appellant, however, that the failure of the president of the board of supervisors to sign the minutes of the meeting held on the first Monday of April rendered void the order containing the jury list adopted at the meeting held the next day, when the minutes were duly signed. Further, it is contended, that the effort to add the names of certain women by the order entered at the August meeting, when again the minutes had not been signed, was illegal and consequently invalidated the entire jury list. Because of these circumstances, appellant concludes that the grand jury empaneled from the list was not legally constituted and therefore its indictment of appellant was void.
Neither the fairness nor the impartiality of the jury or of any of its members is'impugned or sought to be.
There is no charge of fraud and no charge that actual prejudice resulted. This is not a case involving a charge of the systematic exclusion or inclusion of persons because of race or for any other reason. In fact, the record is silent with respect to the race of the jurors and the names of the persons who actually served upon the petit jury do not appear. Nor, does the record reflect what challenges, if any, either peremptory or for cause, were interposed by appellant to the individuals presented to him as prospective jurors from which the petit jury was selected. We cannot say from the record that any person served upon the petit jury who was not lawfully qualified to do so. It must be assumed, in the absence of anything to the contrary, that the trial court properly determined, before empaneling and swearing the jury, that the jurors who served upon it were qualified.
A challenge to the composition of a grand jury where it was argued that an indictment returned by it was void, fraud neither having been charged nor proven, was rejected by this Court in Lott v. State, 204 Miss. 610, 37 So.2d 782 (1948). The Court based its decision upon Mississippi Code 1942 Annotated section 1784 (1956) which provides as follows:
Before swearing any grand juror as such, he shall be examined by the court, on oath, touching his qualifications; and, after the grand jurors shall have been sworn and impaneled, no objection shall be raised, by plea or otherwise, to the grand jury; but the impaneling of the grand jury shall be conclusive evidence of its competency and qualifications; but any party interested may challenge or except to the array for fraud.
In Lott, supra, the Court also discussed a situation with reference to the petit jurors somewhat similar to that now before the Court, saying in part:
In Ferguson v. State, 107 Miss. 559, 65 So. 584, 585, the Court, speaking through Chief Justice Sydney Smith, said:
“Moreover, since there is no evidence that appellant was not tried by a fair and impartial jury, error cannot be predicated of an irregularity in the drawing or impaneling thereof, since the statutes on the subject are declared, by section 2718 of the Code of 1906, to be directory merely. Buchanan v. State, 84 Miss. 332, 36 So. 388.”
Under the facts in this case we find nothing to cause us to feel that the jury in the court was not fair and impartial. The laws respecting the listing, drawing, summoning and impaneling juries are directory and unless there is a radical departure from the statutory scheme of selecting and impaneling the jury this Court will not reverse. We do not feel there has been such a departure here and the lower court was correct in overruling the motion to quash. (Id. at 625, 37 So. 2d at 786.)
The order establishing the April jury list was entered upon minutes duly signed, although the minutes of the first day were not signed. There is nothing in the record to show that, in failing to sign the preceding *835 day’s minutes, the board acted in bad faith. It must be assumed that the entry of the jury list on the second day, when the minutes were signed, was done by the board in a good faith effort to comply with the statutes respecting the selection of jurors.
The voir dire examination of jurors does not appear in the record and it must be assumed that the trial court properly discharged its duty and determined,’ as a preliminary matter, that the persons from whom the jurors were selected were qualified to serve according to law. Moreover, the actual composition of the petit jury which convicted appellant does not appear in the record and it is impossible to determine whether or not any of the women whose names had been listed at the August meeting served upon it.
Under these circumstances we are unable to say that the failure to sign the minutes of the board of supervisors, complained of by appellant, was such a "radical departure” from the statutory method of selecting persons to serve as jurors as to render such selection wholly void. Nor, can we say on the record that appellant was prejudiced or that he failed to receive a fair trial before an impartial jury. See Ladner v. State, 197 So.2d 257 (Miss.1967) and Dunning v. State, 251 Miss. 766, 171 So.2d 315 (1965).
•[2-4] Nothing said in this opinion should be considered as modifying in any manner, or as lessening in any degree, the force of pronouncements of this court to the effect that, in order to be valid, official acts of boards of supervisors must be evidenced by orders or resolutions entered upon their minutes and duly signed as required by law. However, the selection and empaneling of juries, in the final analysis, is a judicial function. It is the clear in-tendment of the Mississippi jury statutes, in the absence of any evidence of fraud or bad faith and where no actual prejudice is shown to have resulted, that breakdowns or omissions which may occur in administrative procedures shall not deprive the trial court of its inherent power to em-panpl juries for the trial of causes, both civil and criminal. The ultimate duty rests upon the trial court, and he has the power, to see to it that each juror who serves possesses the qualifications prescribed by law, in which determination he may be aided by the voir dire inquiries of counsel. There is nothing in the record in this case to indicate that there was fraud or bad faith or that actual prejudice resulted to appellant from the failure of the board to sign its minutes upon the occasions mentioned. Therefore, it must be presumed, in the absence of a showing of anything to the contrary, that the trial court performed its duty and that the appellant received a fair trial by an impartial jury, consisting of persons lawfully qualified to serve.
Affirmed.
GILLESPIE, P. J„ and JONES, PATTERSON and ROBERTSON, JJ., concur.