ROBERTSON, Justice:
Kenneth H. Boles was convicted in the Circuit Court of the First Judicial District of Hinds County of armed robbery. He was sentenced to a term of 20 years in the Mississippi State Penitentiary.
On the morning of February 4, 1972, Boles and an accomplice entered the Kayo Oil Service Station on West Capitol Street in Jackson, Mississippi. Boles put a knife in the stomach of W. A. Wade, manager of the service station, and said “This is it”, and “I want what you got.” Boles drew blood with the knife. His accomplice put a screwdriver to the throat of A. D. Crocker, a customer of the station, while Boles forced Wade into a back room and took about $446.00 in cash from him. When Boles and Wade returned to the front of the service station, Crocker and the accomplice were wrestling on the floor. Appellant Boles forced Crocker to turn his companion loose.
At this point, Tommy Kilpatrick, assistant supervisor of Kayo Oil Company, entered the service station. Boles turned from Wade to Kilpatrick and placed the knife at Kilpatrick’s throat, forcing him to go to the back room. Wade got his pistol *719 out of his car, and when Boles reappeared with Kilpatrick, Wade told Boles to drop everything. Kilpatrick dropped to the floor and Boles ran. Wade shot four times at Boles. On the first shot Boles fell, but managed to get up and escape.
The day after the robbery, Boles’ car was found; there were bloodstains on the passenger side of the front seat. Boles was apprehended in Florida about a month later, and the officer returning him to Jackson testified that he had a scar on the calf of his right leg which appeared to be the result of a bullet wound.
Edward Hartwick testified that he saw Boles in the early morning of February 5, 1972, and appellant told him that he had been shot in the leg while “pulling a job”.
Although there were two assignments of error, the only one argued was:
“The Trial Court erred in overruling Appellant’s objections to the jury panel and motion for a new trial based on irregularities in the selection of the jury in the trial court.”
Appellant made no request for a special venire, as was his right [Mississippi Code Annotated section 13-5-77 (1972)], but elected to proceed with the regular jury panel consisting of 30 persons. The regular jury panel was reduced to eleven jurors after appellant had exercised his twelve peremptory challenges, the State had exercised two peremptory challenges and five were excused for cause. The court requested the bailiff to call additional prospective jurors, and the bailiff called or personally contacted five additional jurors. In the Judge’s Chambers, defense counsel objected to the five persons called “for the reason that said individuals were either directly connected with County or Municipal authorities or were personal and social friends of the Bailiff.” The appellant having exhausted his twelve peremptory challenges and not being able to show any challenges for cause, the State accepted M. S. Corley, a retired telephone company employee who had sat on four or five juries previously, as the 12th juror, and M. Bote-ler, employed by the city of Jackson, as the 13th or alternate juror.
The only mention of this in the Record was by stipulation of facts. Appellant does not charge the court or bailiff with fraud or any improper motive; neither does he contend that the jury was not fair and impartial.
Mississippi Code Annotated section 13-5-77 (1972) provides in part:
“If the special venire be not demanded, the jury shall be composed of the regular venire for the week and as many talesmen and bystanders as may be required, to be summoned under the order of the court.” (Emphasis added).
Appellant seems to contend that Corley and Boteler were not selected from “courtroom or courthouse bystanders” but were friends of the bailiff called over the telephone by him. Appellant argues that the bailiff, in effect, picked the twelfth juror, and that this was a denial of due process to him. We are unable to see that the appellant was in any way prejudiced by the calling of prospective jurors over the telephone; this might have been the quickest and most effective way.
We hold that the procedure followed was authorized both by the statute and by the rulings of this Court. In Butler v. State, 241 So.2d 832 (Miss.1970), we said:
“However, the selection and empaneling of juries, in the final analysis, 'is a judicial'function. It is the clear intendment of the Mississippi jury statutes, in the absence of any evidence of fraud or bad faith and where no actual prejudice is shown to have resulted, that breakdowns or omissions which may occur in administrative procedures shall not deprive the trial court of its inherent power to empanel juries for the trial of causes, both civil and criminal. The ultimate duty rests upon the trial court, and he has the power, to see to it that each juror who serves possesses the qualifications *720 prescribed by law, in which determination he may be aided by the voir dire inquiries of counsel. There is nothing in the record in this case to indicate that there was fraud or bad faith or that actual prejudice resulted to appellant from the failure of the board to sign its minutes upon the occasions mentioned. Therefore, it must be presumed, in the absence of a showing of anything to the contrary, that the trial court performed its duty and that the appellant received a fair trial by an impartial jury, consisting of persons lawfully qualified to serve. 241 So.2d at 835. (Emphasis added).
The jury in this case would have been hard put to bring in any other verdict than that of “guilty”. The appellant was identified positively, clearly and without equivocation by eyewitnesses who were in a position to, and did, observe him carefully.
The conviction and sentence are, therefore, affirmed.
Affirmed.
GILLESPIE, C. J., and SMITH, SUGG and WALKER, JJ., concur.